UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>Plaintiff,<br><br>v.<br><br>YOUTH SERVICES INTERNATIONAL, INC.,<br>1819 Main Street, Suite 1000<br>Sarasota, Florida 34236<br>County of Residence: Frederick<br><br>Defendant. | No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

For its Complaint against Youth Services International, Inc. ("YSI") the United States of America ("United States") alleges as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 12188(b)(1)(B). The Court may grant the relief sought in this action pursuant to 42 U.S.C. § 12188(b)(2) and 28 U.S.C. §§ 2201-2202.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to this action occurred in the State of Maryland.

## Nature of Action

3. This is an action by the Attorney General of the United States resolving allegations of discrimination under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 et seq., and the Department of Justice's implementing regulation, 28 C.F.R. pt. 36. The parties agreed to a settlement agreement in March 2004 intended to ensure that individuals who are deaf or hard of hearing have access to appropriate auxiliary aids and services as necessary for effective communication in the programs and services offered by the Defendant in the juvenile justice facilities that the Defendant owns and/or operates. The Defendant failed to comply fully with the terms of the March 2004 Settlement Agreement, and efforts to obtain full compliance with the Settlement Agreement and Title III of the ADA without resort to litigation have failed. Therefore, the United States asks this Court to require the Defendant to comply with Title III of the ADA and the implementing regulation.

4. The Department of Justice received a timely complaint filed by a deaf individual (the "Complainant") alleging that he had been discriminated against on the basis of his disability by the Defendant in violation of Title III of the ADA. Pursuant to Title III of the ADA, 42 U.S.C. §§ 12181-12189, and the Department of Justice's implementing regulation, 28 C.F.R. pt. 36, the Department of Justice investigated the complaint, determined that the allegations of discrimination on the basis of disability were true, and notified the Defendant of this determination.

5. Following protracted negotiations, the Department of Justice and the Defendant agreed to the terms of a Settlement Agreement resolving the allegations of discrimination. The Settlement Agreement became effective on March 29, 2004.

6. The United States has complied fully with the terms of the March 2004 Settlement Agreement. In contrast, the Defendant has failed to comply fully with the terms of the March 2004 Settlement Agreement.

7. The allegations of discrimination set forth in this Complaint constitute a pattern or practice of discrimination under Title III, 42 U.S.C. § 12188(b)(1)(B)(i) and 28 C.F.R. § 36.503(a).

8. Defendant's discrimination against persons who are deaf or hard of hearing on the basis of disability raises an issue of general public importance, see 42 U.S.C. § 12188(b)(1)(B)(ii) and 28 C.F.R. § 36.503(b).

9. All conditions precedent to the filing of this suit have been performed or have occurred.

10. This Complaint seeks declaratory and injunctive relief, compensatory damages, and civil penalties against Defendant.

**Parties**

11. The Attorney General of the United States is the federal official charged by statute with enforcement of Title III of the ADA. See 42 U.S.C. § 12188(b).

12. YSI is a Maryland corporation with its principal place of business in Sarasota, Florida. YSI operates approximately 17 juvenile justice facilities in the United States. YSI

provides educational and social services to residents of these facilities. One such facility was the Victor Cullen Center in Sabillasville, Maryland, which YSI operated from 1997 to 2002 pursuant to a contract with the Maryland Department of Juvenile Services.

13. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the juvenile justice facilities operated by YSI are places of public accommodation. YSI is a private entity within the meaning of section 301 of the ADA, 42 U.S.C. § 12181, and thus is subject to the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-12189.

14. At the time this claim arose and until November 2005, YSI was a wholly-owned subsidiary of Correctional Services Corporation, a Delaware corporation with its principal place of business in Sarasota, Florida. In November 2005, CSC was acquired by the GEO Group; YSI and the youth services programs operated by CSC were divested and sold back to the former CEO of CSC.

## General Allegations

15. The Complainant is deaf and therefore is an individual with a disability as defined in the ADA, 42 U.S.C. § 12102(2); 28 C.F.R. § 36.104.

16. The Complainant uses American Sign Language (ASL) for in-person communications. He does not communicate effectively by lipreading.

17. The Complainant was a resident at the Victor Cullen Center ("Victor Cullen") in Sabillasville, Maryland, from September 24, 1999, through October 27, 2000.

18. During his stay at Victor Cullen, the Complainant was required to participate in a variety of educational, rehabilitative, and recreational programs without the benefit of

4

appropriate auxiliary aids and services, including sign language interpreters.

19. The Defendant's failure to provide the Complainant with appropriate auxiliary aids and services, including sign language interpreters, while he was detained at Victor Cullen greatly reduced or eliminated his benefit from the programs offered at Victor Cullen and caused him to suffer emotional harm.

20. After his release from Victor Cullen, the Complainant was required to participate in an aftercare program as a condition of his release.

21. The Complainant attended only three of the six scheduled meetings that were part of the aftercare program, in part because no appropriate auxiliary aids and services, including sign language interpreters, were provided during that program.

22. The Defendant's failure to provide the Complainant with appropriate auxiliary aids and services, including sign language interpreters, during the aftercare program greatly reduced or eliminated his benefit from this program.

23. Based on what happened to the Complainant and a review of the Defendant's policies and practices, the United States made a finding that the Defendant had engaged in a pattern and practice of discrimination, in violation of Title III of the ADA.

24. Upon information and belief, other individuals in addition to the Complainant have been discriminated against on the basis of disability by the Defendant because, among other things, they did not provide those individuals with appropriate auxiliary aids and services where necessary for effective communication while participating in the Defendant's programs or receiving the Defendant's services.

## Settlement Agreement

25. The March 2004 Settlement Agreement includes equitable provisions requiring the Defendant to implement practices and policies designed to remedy the violations found prior to that date and to ensure compliance with Title III of the ADA; it includes a provision for the payment of money damages to the Complainant; and it requires the Defendant to make a monetary payment to the United States.

26. In exchange for the Defendant's promise to comply with terms of the March 2004 Settlement Agreement, the United States agreed that the Settlement Agreement would constitute a full, complete, and final disposition of its investigation of the Complainant's complaint. See Settlement Agreement ¶ 11.

27. The Defendant has paid money damages to the Complainant and made a monetary payment to the United States in compliance with the monetary provisions of the March 2004 Settlement Agreement.

28. The equitable provisions of the March 2004 Settlement Agreement require the Defendant, among other things, to ensure that appropriate auxiliary aids and services are made available to all juveniles participating in the Defendant's programs and services who are deaf or hard of hearing where such aids and services are necessary for effective communication; to evaluate juveniles within 24 hours of admission to one of Defendant's facilities to determine what, if any, auxiliary aids or services are necessary; to ensure that qualified sign language interpreters or qualified oral interpreters are provided for juveniles whose primary means of communication is sign language or lip reading,

respectively; to maintain at least one qualified sign language interpreter and one qualified oral interpreter on call during those times when no such interpreter is on the Defendant's premises; to establish procedures for acquiring interpretation services; to ensure that at least one telecommunications device for the deaf (TTY or TDD) is available for use by a deaf or hard of hearing juvenile; to ensure that visual alarms are provided for a juvenile who is deaf or hard of hearing; and to develop and implement a staff training curriculum encompassing the policies and practices described in the March 2004 Settlement Agreement.

29. Pursuant to paragraph 17.1 of the March 2004 Settlement Agreement, the Defendant was required to provide the Department of Justice with periodic reports detailing efforts to comply with the equitable terms of the Settlement Agreement. The first such report was due on June 29, 2004. The second such report was due on December 29, 2004. The third such report was due on June 29, 2005.

30. The Defendant failed to provide any and all of the reports in a timely manner. It was not until August 8, 2005, after numerous requests by the United States, that the Defendant provided a report. The report indicated widespread lack of compliance with the March 2004 Settlement Agreement from March 2004 until August 2005.

31. Pursuant to paragraph 17.3 of the March 2004 Settlement Agreement, if the United States believes that the Defendant is not in compliance with the Settlement Agreement or any requirement contained therein, the United States agrees to notify the Defendant in writing of the alleged noncompliance and attempt to seek a resolution of the matter with the

Defendant.

32. Pursuant to paragraph 17.3 of the March 2004 Settlement Agreement, if the United States and the Defendant are unable to reach a resolution within sixty (60) days of the United States' written notification, the United States may bring an action to enforce the ADA in any United States District Court where jurisdiction and venue are proper.

33. On August 9, 2004, July 13, 2005, and August 19, 2005, the United States provided written notification as required by paragraph 17.3 of the March 2004 Settlement Agreement that it believed YSI was not in compliance with the March 2004 Settlement Agreement.

34. From August 29 through September 2, 2005, the Department conducted compliance reviews of six YSI facilities: Reflections Treatment Agency, Tennessee; Okaloosa County Juvenile Residential Facility, Florida; Thompson Academy, Florida; Forest Ridge Youth Services, Iowa; Elmore Academy, Minnesota; and Chamberlain Academy, South Dakota.

35. The Department's compliance reviews confirmed that the Defendant was failing to comply with the terms of the March 2004 Settlement Agreement. Among the many violations the Department noted were the following: Defendant's failure to ensure that appropriate auxiliary aids and services were made available to all YSI residents in a timely manner and in all programs and activities; Defendant's failure to provide information and request forms to youth who are hard of hearing so that they could request appropriate auxiliary aids and services; Defendant's failure to ensure that accessible

phones are present in each facility, that at least one TTY device was available for use during the time youths who are hard of hearing were residing in a facility operated by the Defendant, and that consideration was given for additional phone time to appropriate residents; and Defendant's failure to ensure the presence of appropriate visual alarms for residents who are deaf or hard of hearing.

36. Based on the Department's compliance reviews and other information provided by the Defendant, the United States believes that the Defendant has not complied with the equitable provisions set forth in the March 2004 Settlement Agreement.

37. For these same reasons, the United States has reason to believe that the pattern or practice of discrimination that it found during the investigation of the complainant's allegations persists.

38. Therefore, consistent with paragraph 17.3 of the March 2004 Settlement Agreement, the United States is bringing this action to enforce the Defendant's full compliance with Title III of the ADA and the implementing regulation.

## COUNT I
### Violations of Title III of the ADA

39. The allegations of Paragraphs 1 through 38 of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein.

40. In failing to provide the Complainant and other individuals who are deaf or hard of hearing with appropriate auxiliary aids and services, including sign language interpreters, YSI discriminated on the basis of disability in violation of Title III of the ADA, 42

U.S.C. §§ 12181-12189, and the Department of Justice's implementing regulation, 28 C.F.R. pt. 36, by:

A. Discriminating on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, in violation of 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201(a);

B. Subjecting individuals on the basis of a disability to a denial of the equal opportunity to participate in or equal benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, in violation of 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202(a);

C. Affording individuals on the basis of a disability with an opportunity to participate in or benefit from goods, services, facilities, privileges, advantages or accommodations in a manner that is not equal to that afforded to others, in violation of 42 U.S.C. § 12182(b)(1)(A)(ii) and 28 C.F.R. § 36.202(b);

D. Failing to make reasonable modifications in policies, practices, or procedures when necessary to afford services to individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302(a);

E. Failing to take such steps as were necessary to ensure that individuals with disabilities are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, in violation of 42 U.S.C. § 12182(b)(2)(A)(iii) and 28 C.F.R.

    § 36.303(a); and,

F. Failing to remove architectural barriers in YSI facilities, including communication barriers that are structural in nature, where such removal is readily achievable in violation of 42 U.S.C. § 12182(b)(2)(A)(iv) and 28 C.F.R. § 36.304(a).

41. YSI's policies, practices, and procedures alleged herein constitute a pattern or practice of discrimination in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and the Department of Justice's implementing regulation, 28 C.F.R. pt. 36.

42. The discrimination alleged in this count raise an issue of general public importance pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 C.F.R. § 36.503.

43. Pursuant to paragraph 17.3 of the March 2004 Settlement Agreement, the Defendant's violations of the terms of the Settlement Agreement shall be treated as violations of Title III of the ADA.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court:

A. Declare that the discriminatory practices, policies, and/or procedures of YSI, as set forth above, violate Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, and the Department of Justice's implementing regulation, 28 C.F.R. part 36;

B. Enjoin the Defendant, its officers, agents, and employees, and all other persons in active concert or participation with any of them, from discriminating on the basis of disability against any individual receiving goods or services from, or participating in programs

    provided by the Defendant;

C. Award monetary damages to any persons other than the Complainant who have been harmed by the Defendant's patterns or practices of discrimination, to compensate them for injuries resulting from such discrimination, including damages for pain and suffering; and

D. Order such other appropriate relief as the interests of justice may require.

## JURY DEMAND

The United States requests a jury trial.

Respectfully submitted,

ALBERTO R. GONZALES
Attorney General of the United States

_____
WAN J. KIM
Assistant Attorney General
Civil Rights Division

_____
JOHN L. WODATCH, Chief
L. IRENE BOWEN, Deputy Chief
PHILIP L. BREEN, Special Legal Counsel
Disability Rights Section
Civil Rights Division

_____
ELIZABETH JOHNSON
JANINE SCOTT
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 307-3543 or (202) 305-8710
E-mail: elizabeth.johnson@usdoj.gov or janine.scott@usdoj.gov
Fax: (202) 307-1197

Date: July 10, 2006

ROD J. ROSENSTEIN
United States Attorney
JAMIE M. BENNETT
Assistant United States Attorney
District of Maryland
36 South Charles Street
Fourth Floor
Baltimore, MD  21201
Telephone: (410) 209-4800
Fax: (410) 962-2310

13